Armais Arutunoff v. Commissioner.
Arutunoff v. Commissioner
Docket No. 108346.
United States Tax Court
1942 Tax Ct. Memo LEXIS 42; 1 T.C.M. (CCH) 207; T.C.M. (RIA) 42636; December 14, 1942
*42 L. Karlton Mosteller, Esq., Harry A. Campbell, Esq., Roger S. Randolph, Esq., and A. H. Mayginnes, C.P.A., for the petitioner. Stanley B. Anderson Esq., for the respondent. SMITH Memorandum Opinion SMITH, J.: The respondent has determined a deficiency of $1,861.21 in petitioner's income tax for 1939. Petitioner alleges that in the determination of such deficiency the respondent erred in adding to his gross income one-half of his salary and one-half of the dividends which he received over the period September 1, 1939, to December 31, 1939, and in not determining that such income was community income, one-half of which was taxable to him and one-half to his wife. Petitioner is a resident of the State of Oklahoma. He filed his income tax return for 1939 with the collector of internal revenue for the district of Oklahoma. On August 30, 1939, petitioner and his wife executed and filed with the proper state authorities a written election to avail themselves of the provisions of the Oklahoma Community Property Law and to have that law apply to them and to their property. During the period September 1 to December 31, 1939, petitioner received $4,333.33 as compensation for services rendered *43 to the Reda Pump Company, of Bartlesville, Oklahoma. Petitioner reported one-half of that amount of compensation in his return for 1939 and the remaining half was reported by his wife in her return. During the same period petitioner received dividends upon corporate stock which he had acquired with his separate property prior to September 1, 1939, in the amount of $29,996.75. During the same period petitioner's wife received dividends from shares of stock which she had acquired as her separate property prior to September 1, 1939. Petitioner reported in his return one-half of the dividends received by him and one-half of those received by his wife, and the wife reported in her separate return equal amounts. In determining the deficiency herein the respondent has included in petitioner's income all of the compensation and all of the dividends which he received on his shares of stock and has eliminated from his income the dividends received by his wife on her shares. The result was a net addition to petitioner's income of $2,166.67 of salary and $2,948.57 of dividends, plus $15 of dividends omitted in his return. In his memorandum brief the respondent states: The only issue presented *44 is whether the Oklahoma Community Property Law of 1939 (Session Laws of Oklahoma, 1939, H.B. 565, effective August 12, 1939) is effective to permit the division of income, for Federal income tax purposes, between husbands and wives who have elected to come under the terms of that law. In accordance with our decision in , promulgated November 18, 1942, we hold that the above amounts of compensation and dividends received by the petitioner during the period September 1 to December 31, 1939, constituted community income under the community property law of the State of Oklahoma, only one-half of which petitioner is required to report in his return for 1939. Decision will be entered under Rule 50.